IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00486-LTB-BNB

STEPHAN DARRIS,

Plaintiff,

v.

ARISTEDES W. ZAVARAS,
LYNN ERICKSON,
YVETTE POPE,
KAREN COOPER, and
WILLIAM RICHTER,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the following motions:

1. **Motion to Dismiss Complaint** submitted by defendants Zavaras, Erickson, Pope, and Richter [Doc. #15, filed 7/1/08] (the "Motion); and

2. **Motion to Dismiss Complaint from Defendant Karen Cooper**[1] [Doc. #18, filed 7/2/08].

The plaintiff did not respond to the Motions.[2] I respectfully RECOMMEND that the Motions be GRANTED and that the Complaint be DISMISSED in its entirety.

---

[1]Defendant Cooper's motion incorporates and adopts the Motion to Dismiss Complaint submitted by defendants Zavaras, Erickson, Pope, and Richter.

[2]The plaintiff was ordered to respond to the Motions on or before August 1, 2008 [Doc. #19].

# I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

In ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in

2

favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II. BACKGROUND

The plaintiff is currently incarcerated by the Colorado Department of Corrections ("DOC"). At all times relevant to the allegations of the Complaint, he was housed at the Colorado Territorial Correction Facility.

The plaintiff initiated this action on March 3, 2008, by submitting a motion for leave to proceed *in forma pauperis* and a Prisoner Complaint which was signed and dated February 20, 2008 [Docs. #1 and #3]. He filed an amended Prisoner Complaint (the "Complaint") on March 4, 2008 [Doc. #4].

The Complaint contains the following allegations:

1. On September 27, 2004, the plaintiff attempted to commit suicide by swallowing razor blades. *Complaint*, p. 5.[3]

2. The plaintiff was charged with a disciplinary violation and was given a disciplinary hearing. Id. at p. 6.

---

[3]The pages of the Complaint are not consecutively numbered. Therefore, I refer to the pages as numbered by the Court's docketing system.

3. The "disposition" of the hearing clearly states that the plaintiff was forced to have sex with other inmates. Id. Defendants Cooper and Richter did not investigate the plaintiff's allegations of sexual misconduct. Id.

4. On February 14, 2005, the DOC charged the plaintiff $3,256.31 in restitution for clinical services related to the suicide attempt. Id. at p. 5.

5. The plaintiff filed an action in Fremont County District Court pursuant to C.R.C.P. 106(a)(4). Id. The action was dismissed. Id.

6. The DOC is garnishing the plaintiff's inmate account. Id. at p. 7.

The Complaint asserts three claims. Claim One alleges that the plaintiff's Eighth and Fourteenth Amendment rights are being violated because the DOC has assessed $3,256.31 in restitution against him. Id. at p. 5. He alleges that he filed grievances regarding imposition of the restitution and that defendants Pope and Erickson are liable because they denied his grievances. Id. He further alleges that after he filed his action in Fremont County District Court, he "was released from prison shortly after and returned to prison shortly after." Id. Upon his return "the [DOC] continue to garnish more than 90 PERCENT of the plaintiffs inmate account." Id. (emphasis in original). He states that defendant Erickson is liable because she approved withdrawal of payments from his account. Id.

Claim Two alleges that defendants Cooper and Richter, the hearing officers at the plaintiff's disciplinary hearing, violated his Eighth Amendment rights when they failed to investigate his allegations of sexual misconduct. Id. at p. 6. Claim Two further alleges that Cooper and Richter knew of the allegations because they referred to the allegations in their written disposition of the hearing. Id.

Claim Three alleges that defendant Zavaras is violating the plaintiff's Eighth and Fourteenth Amendment rights because he is allowing the garnishment of the plaintiff's inmate account. Id. at p. 7.

The plaintiff seeks only monetary damages. Id. at p. 9.

### III. ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

### A. Eleventh Amendment Immunity

The defendants seek dismissal of the claims against them in their official capacities based on Eleventh Amendment immunity. The Eleventh Amendment bars suits in federal courts against unconsenting states by the state's own citizens and by citizens of another state. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990). Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction." Fent v. Okla. Water Res. Bd., 235 F.3d 553, 559 (10th Cir. 2000) (emphasis omitted). Eleventh Amendment immunity applies to suits arising under 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332, 345 (1979).

The Eleventh Amendment precludes federal jurisdiction over state officials acting in their official capacities where the claimant seeks retroactive monetary relief. Pennhurst, 465 U.S. at 102-03,105-06. The defendants here are employed by the Colorado Department of Corrections (the "DOC"). *Complaint*, pp. 2-3. The DOC is an agency or subdivision of the State of

5

Colorado. Consequently, the Eleventh Amendment bars suit against the defendants in their official capacities. I respectfully RECOMMEND that the plaintiff's claim against the defendants in their official capacities be DISMISSED based on Eleventh Amendment immunity.

### B. Statute of Limitation

The defendants assert that the plaintiff's claims are barred by the statute of limitation. Actions asserted under 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the state in which the action arose. Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir. 1994). The appropriate statute of limitation for §1983 actions arising in Colorado is two years. Id. at 1266; Colo.Rev.Stat. § 13-80-102. Federal law rather than state law determines when a cause of action accrues. See Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." Id. at 969. "A civil rights action accrues when facts that would support a cause of action are or should be apparent." Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995).

The plaintiff alleges that the restitution was charged against him on February 14, 2005, and that he "filed a 106 a 4 in the county of Fremont," which was dismissed. *Complaint*, p. 5. The defendants provide a copy of the summary order granting the motion to dismiss the plaintiff's Fremont County case and a copy of the motion to dismiss. *Motion*, Ex. B.[4] The summary order is dated January 30, 2006. Id. at first consecutive page. The motion to dismiss states the following:

---

[4]When, as here, a plaintiff refers to a document in the complaint that is central to his claim but does not attach it to the complaint, a defendant may submit an indisputably authentic copy to be considered on a motion to dismiss. GFF Corp. v. Associated Wholesale Grocers, 130 F.3d 1381, 1384-1385 (10th Cir. 1997). Moreover, I may take judicial notice of the Fremont County District Court record. Fed.R.Evid. 201.

6

> Plaintiff Stephan Darris ("Darris") commenced this action by filing a Complaint pursuant to C.R.C.P. 106(a)(2) and (a)(4). In his Complaint, Darris alleges that Defendants exceeded their jurisdiction and abused their authority with respect to a grievance he filed. According to the Complaint, the grievance pertained to his inmate account being charged $3,256.31 in restitution for medical expenses incurred when Darris suffered a self-inflicted injury by swallowing a razorblade. Darris was convicted of Advocating or Creating a Facility Disruption . . . and Count Interference . . . .

Id. at second and third consecutive pages.

Claims One and Three are based on the imposition of the restitution and the denial of grievances related to the imposition of restitution. It is clear from the record that at the time he filed his action in the Fremont County District Court, the plaintiff knew of the existence and cause of his injuries regarding the imposition of restitution and the denial of his grievances. However, the record does not provide the date plaintiff filed his state action. Using the date most advantageous for the plaintiff, I will assume for purposes of this motion that he knew of the existence and cause of his injuries when the state action was dismissed on January 30, 2006, and that the statute of limitation for Claims One and Three expired on January 30, 2008.

Claim Two alleges that defendants Cooper and Richter referred to the plaintiff's allegations of sexual misconduct in their written disposition of the disciplinary hearing, but did not investigate the allegations. Id. at p. 6. The plaintiff does not provide a copy of the written disposition, but the defendants attach it as Exhibit A to their Motion. The disposition is dated October 29, 2004. It states that the plaintiff "said he was forced to have sexual relations with inmates in the pod," and it contains an acknowledgment of receipt signed by the plaintiff. Thus, the plaintiff knew or had reason to know the basis for Claim Two in October 2004, and the statute of limitation expired on this claim in October 2006.

7

The plaintiff did not initiate his case in this Court until March 3, 2008, when he submitted a motion for leave to proceed *in forma pauperis* and his initial complaint. These papers were signed and dated February 20, 2008. I will assume without deciding that the mailbox rule applies to the filing date.[5] Under the mailbox rule, the plaintiff's earliest possible filing date is February 20, 2008, the date he signed his initial complaint.

The plaintiff did not initiate this action until after the statute of limitation expired on all of his claims. Therefore, this action is barred by the statute of limitation unless the limitation period is subject to tolling. The issue of tolling is governed by Colorado state law. See Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995). Colorado's equitable tolling provisions are "limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1099 (Colo. 1996).

The plaintiff does not assert that he is entitled to tolling, and it is not plausible under the allegations of the Complaint that tolling would apply in this case. To the contrary, the allegations of the Complaint demonstrate that the plaintiff was not impeded from bringing an action in state court based on the same core facts as this action.

## IV. CONCLUSION

---

[5] The mailbox rule applies to an inmate's filing of a civil rights complaint. Price v. Philpot, 420 F.3d 1158, 1164 (10th Cir. 2005). Under the mailbox rule, "an inmate who places a federal civil rights complaint in the prison's internal mail system will be treated as having 'filed' that complaint on the date it is given to prison authorities for mailing to the court." Id. at 1165. However, the inmate must establish actual use of the prison's internal mail system in order to be accorded the benefits of the mailbox rule. Id.

I respectfully RECOMMEND that the Motion to Dismiss Complaint [Doc. # 15] and the Motion to Dismiss Complaint from Defendant Karen Cooper [Doc. # 18] be GRANTED and the Complaint be DISMISSED in its entirety.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated December 1, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge